UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARISSA MORGAN,<br><br>*Plaintiff*,<br><br>v.<br><br>ALEX DYBA and ANHEUSER-BUSCH COMPANIES, LLC,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Alex Dyba ("Dyba") and Anheuser-Busch Companies, LLC ("A-B") remove cause number CC-24-00601-A, which is pending in the County Court at Law No. 1 in Dallas County, Texas. In support of this Notice of Removal, Defendants state as follows:

### I.   BACKGROUND

1. On January 23, 2024, Plaintiff Marissa Morgan initiated this action against Defendants in the County Court at Law No. 1 in Dallas County, Texas, styled *Marissa Morgan v. Alex Dyba, et al.* and bearing cause number CC-24-00601-A (the "State Action"), by filing Plaintiff's Original Petition[1] ("Plaintiff's Petition").

2. In the State Action, Plaintiff brings claims of "Unlawful Employment Practice/Sexual Harassment/Hostile Work Environment Based Upon Sex" pursuant to Texas Labor Code § 21.141,[2] "Unlawful Retaliation for Making a Claim of Discrimination" pursuant to

---

[1] Ex. A-1.

[2] Plaintiff's Petition at ¶¶ 37-41.

1

Texas Labor Code § 21.055,[3] and declaratory judgment pursuant to Texas Civil Practice and Remedies Code Ch. 37.[4]

    3.      Plaintiff seeks monetary relief over $1,000,000.[5]

    4.      The State Action followed Plaintiff's earlier action under Texas Rule of Civil Procedure 202, initiated on July 21, 2023, in the County Court at Law No. 2 in Dallas County, Texas, styled *In re: Petition of M.M., Requesting Rule 202 Deposition(s)* and bearing cause number CC-23-04656-B (the "Rule 202 Action"). In the Rule 202 Action, Plaintiff sought pre-suit depositions of corporate representatives of A-B and Albertsons LLC, and Patrick McCarty—an Albertsons employee and Plaintiff's alleged harasser. Plaintiff did not seek Dyba's deposition or even mention him in any of the pleadings. After protracted litigation, Plaintiff filed a Notice of Nonsuit without prejudice on February 8, 2024.[6]

    5.      Defendants timely filed a Motion to Transfer Venue in the Rule 202 Action (as required by local rules) seeking transfer of the State Action to the County Court at Law No. 2,[7] and filed a corresponding Notice of Motion to Transfer Venue and Motion to Stay[8] and an Answer[9] in the State Action, on February 25, 2024. Plaintiff responded to the Motion to Transfer[10] and the

---

[3] *Id.* at ¶¶ 42-49.

[4] *Id.* at ¶¶ 50-52.

[5] *Id.* at ¶ 20.

[6] *See* Exs. B-26 and B-27.

[7] Ex. B-29.

[8] Ex. A-2.

[9] Ex. A-3.

[10] Ex. B-31.

Notice/Motion to Stay[11] on February 29, 2024.

6. Pursuant to Local Rule 81.1, attached herewith as Exhibit A is an index of the documents filed in the State Action, along with copies of all documents filed therein, and the State Action court docket sheet (Exhibits A-1 through A-6).[12] Also attached herewith as Exhibit B is an index of the documents filed in the Rule 202 Action, along with copies of all documents filed therein, and the Rule 202 Action court docket sheet (Exhibits B-1 through B-31).[13]

7. A-B's Certificate of Interested Persons will be filed separately in compliance with Local Rules. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is also being concurrently filed in the State Action and the Rule 202 Action.

## II. TIMELINESS OF REMOVAL

8. Plaintiff served Dyba on February 5, 2024. Plaintiff served A-B on February 6, 2024. This removal is therefore timely under 28 U.S.C. § 1446(b).

## III. VENUE

9. Venue is proper in this Court under 28 U.S.C. §1441(a), because the State Action was filed in Dallas County, Texas, which is located within the Dallas Division of the Northern District of Texas.

## IV. BASIS OF REMOVAL: DIVERSITY OF CITIZENSHIP

10. Removal is proper under 28 U.S.C. § 1441(b), because this Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum

---

[11] Ex. A-7.

[12] Ex. A

[13] Ex. B

or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. The Amount in Controversy Exceeds $75,000

11. According to Plaintiff's Petition, Plaintiff is seeking monetary damages in excess of $1,000,000.[14] Thus, the minimum amount in controversy of $75,000 is met.

### B. Complete Diversity Exists between Plaintiff and the Properly Named Defendant

12. According to Plaintiff's Petition, Plaintiff is a citizen of Texas and A-B is a foreign limited liability company whose principal place of business is in Missouri.[15]

13. Although Dyba is allegedly a Texas resident,[16] his citizenship should be disregarded under the fraudulent joinder/improper joinder doctrine.

### C. Dyba Is Improperly Joined

14. In the Fifth Circuit, "improper joinder" and "fraudulent joinder" are synonymous.[17] "A determination of improper joinder must be based on an analysis of the causes of action alleged in the petition at the time of removal."[18] Improper joinder may be established by showing: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[19] "In *Smallwood*, the [Fifth Circuit] adopted the following test for fraudulent joinder: whether the defendant has demonstrated that

---

[14] Plaintiff's Petition at ¶ 20.

[15] *Id.* at ¶¶ 6, 8.

[16] *See id.* at ¶ 7.

[17] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n. 1 (5th Cir. 2004).

[18] *E.g., Tenner v. Prudential Ins. Co. of America*, 872 F.Supp. 1571, 1572 (E.D. Tex. 1994) (citing *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 116 (5th Cir. 1979); *Ford v. Murphy Oil U.S.A., Inc.,* 750 F.Supp. 766, 769 (E.D. La.1990)).

[19] *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017).

there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[20] "A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."[21]

15. To assess whether a plaintiff has a "reasonable basis" for recovery under state law, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[22] A determination of improper joinder must be based on an analysis of the allegations in the complaint at the time of removal.[23]

16. In evaluating the complaint, federal district courts must apply the federal pleading standard.[24] This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face."[25] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[26] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[27] "[W]here the well-pleaded facts

---

[20] *Swafford v. Bank of America Corp.*, 401 F.Supp. 2d 761, 763 (S.D. Tex. 2005).

[21] *Id.* (citing *Badon v. RJR Nabisco, Inc.,* 236 F.3d 282, 286 n. 4. (5th Cir.2000); *Smallwood,* 385 F.3d at 573).

[22] *Brown-Steffes v. Avis Budget Gro., Inc.*, No. 3:23-CV-1747-D, 2023 U.S. Dist. LEXIS 175109, at *7 (N.D. Tex. Sept. 29, 2023) (J. Fitzwater) (citing *Smallwood*, 385 F.3d at 573).

[23] *Id.* (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

[24] *Id.* (citing *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing)).

[25] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[26] *Id.* (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

[27] *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"[28]

17. Here, Dyba is improperly joined because Plaintiff cannot establish a cause of action against him in state court.

### i. Dyba cannot be held liable for sexual harassment under Tex. Lab. Code 21.141.

18. Plaintiff's first cause of action against Dyba is for sexual harassment and arises under Texas Labor Code § 21.141.[29] Section 21.141 is part of Subchapter C-1, which was added by the Texas Legislature in 2021 and is titled "Sexual Harassment." There are only two sections: 21.141 and 21.142.

19. Section 21.142, titled "Unlawful Employment Practice," provides as follows: "An employer commits an unlawful employment practice if sexual harassment of an employee occurs and the employer or the employer's agent or supervisors: (1) know or should have known that the conduct constituting sexual harassment was occurring; and (2) fail to take immediate and appropriate corrective action."

20. Section 21.141, titled "Definitions," defines "employer" in subsection (1) as "a person who: (A) employs one or more employees; or (B) acts directly in the interests of an employer in relation to an employee."

21. To Defendants' knowledge, only two courts' opinions interpreting §§ 21.141 and 21.142 have been published.[30] Both courts considered the scope of the definition of "employer" in

---

[28] *Id.* (citing *Iqbal*, 556 U.S. at 679).

[29] Plaintiff's Petition at ¶ 40.

[30] *See Quinonez v. Perez*, No. EP-23-CV-291-KC, 2024 U.S. Dist. LEXIS 9685, at *13 (W.D. Tex. Jan. 16, 2024).

the context of a removal/remand and interpreted it in line with similar language in the Family and Medical Leave Act (FMLA) and Fair Labor Standards Act (FLSA).[31]

22. In *Quinonez*, Judge Kathleen Cardone of the Western District of Texas methodically recounted how courts in the Fifth Circuit define "employer" for purposes of the FMLA and FLSA.[32] In summary,, "under either the FLSA or the FMLA, to be an employer, a supervisor or manager must have 'both a sufficient level of control and a nexus to the protected rights at issue.'"[33] "The ultimate question is whether the individual had supervisory authority over the complaining employee and is responsible in whole or part for the alleged violation."[34] Applying the FMLA and FLSA framework to § 21.141, an "employer" is someone who had "supervisory authority over [plaintiff]" and "is responsible in whole or in part for sexually harassing her."[35] Based on Quinonez's pleadings, in which she alleged that the individual defendant was her "supervisor"; gave her instructions, including "prohibiting her from using the women's restroom at work; was "the person who told her that she was fired"; and sexually harassed her, the court held that the individual defendant was an employer within the meaning of § 21.141.[36] These facts demonstrated that the individual defendant (a) supervised and controlled the conditions of plaintiff's employment and, as the perpetrator, (b) was responsible in whole or in part for the

---

[31] *Id.* at *13-20; *Brown-Steffes*, 2023 U.S. Dist. LEXIS 175109, at *11-12.

[32] *Id.* at *13-18.

[33] *Id.* at *17 (citing *Burgdorf v. Union Pacific R.R.*, No. 16-CV-1046, 2019 WL 2464485, at *14 (W.D. Tex. Feb. 26, 2019)).

[34] *Id.*

[35] *Id.* at *18.

[36] *Id.* at *18-19.

alleged violation.[37]

23. Here, Plaintiff's factual allegations are entirely lacking and clearly do not meet the standard set by *Brown-Steffes* and *Quinonez*. Plaintiff states only two facts about Dyba: (a) he was "one of Plaintiff's **_superiors_** who resides in Texas"; and (b) he was the manager who met with Plaintiff and informed her of her termination.[38] This is not enough. Plaintiff does not plead at any point that Dyba managed or supervised Plaintiff or in any way controlled the conditions of her employment; witnessed or otherwise received complaints or information related to McCarty's alleged harassment or Plaintiff's complaints, or that he was even employed at A-B when those events occurred; or was in any way connected to the alleged sexual harassment or involved in putting Plaintiff on a corrective action plan or the decision to terminate her. According to Plaintiff's Petition, Dyba was merely *one* of Plaintiff's *superiors* and conducted the in-person termination meeting.

24. Plaintiff does however name the individual who were directly involved. According to Plaintiff's Petition, her "direct managers and/or supervisors" were Corrigan Haugen and James Urich and it was to them that she reported the alleged sexual harassment committed by Patrick McCarty, an Albertson's employee.[39] *Haugen* allegedly met with Plaintiff regarding the performance plan and, during the meeting, *Haugen* told her she being placed on the plan because of comments by *McCarty*.[40] During the same meeting, Plaintiff allegedly "reminded Haugen of

---

[37] *Id.*

[38] Plaintiff's Petition at ¶¶ 17, 35.

[39] *Id.* at ¶¶ 28-33.

[40] *Id.* at ¶ 32.

the prior complaints she had about McCarty that she had brought up to *Haugen*."[41] Again, Dyba is not mentioned at any point.[42]

25. In closely construing Plaintiff's Petition and searching for a reasonable basis for recovery against Dyba, it is clear that Plaintiff has fallen fatally short. That, combined with the fact that Dyba was not at all mentioned during the Rule 202 Action, shows that Dyba was fraudulent/improperly joined.

### ii. Dyba cannot be held liable for retaliation under Tex. Lab. Code 21.055.

26. Plaintiff's second cause of action against Dyba is for retaliation pursuant to Texas Labor Code § 21.055.

27. A plaintiff can only bring a claim under § 21.055 against "[a]n employer, labor union, or employment agency." "Employer" is defined in § 21.002(8), in relevant part, as:

> (A) a person who is engaged in an industry affecting commerce and who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current preceding calendar year;
> (B) an agent of a person described by Paragraph (A).

28. A plaintiff can assert a § 21.055 sexual harassment claim only against an

---

[41] *Id.* at ¶ 33.

[42] Plaintiff states in the "Causes of Action" section that Dyba "knew or should have known of her harassment" and "failed to take prompt remedial action." Plaintiff's Petition at ¶ 38. In the unrelated retaliation cause of action section, Plaintiff further states that, "upon information and belief," "Dyba ***and/or*** AB employees were made aware or should have been made aware of the sexual harassment" and "Dyba played a role with respect to the decision to place Plaintiff on the performance plan and ultimately terminate her by rubber-stamping what ***Haugen supposedly decided months ago***." Plaintiff's Petition at ¶¶ 45-46. These allegations are vague, unhelpful to Plaintiff and, at best, merely conclusory statements made without any supporting facts and should be disregarded because "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet the pleading standard. *Brown-Steffes*, 2023 U.S. Dist. LEXIS 175109, at *8 (citing *Iqbal*, 556 U.S. at 678); *see also, Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (conclusory claims are insufficient to allow an action to "proceed beyond the pleading stage."); *May v. City of Arlington, Texas,* 398 F. Supp. 3d 68, 78 (N.D. Tex. 2019) ("Although a plaintiff need not offer proof of his or her allegations at the pleading stage, a plaintiff must plead facts that plausibly support each element of [their claim].") (internal citations omitted).

9

institutional employer, not against a defendant in his individual capacity.[43] "Supervisors and managers are not considered employers under [Section 21.002 of] the Texas Labor Code."[44]

29. Since Dyba is an individual, he cannot be held personally liable under § 21.055.

## V.   CONCLUSION

30. Accordingly, Plaintiff cannot establish facially plausible causes of action against Dyba, the non-diverse party, in state court. Pursuant to the improper joinder doctrine, Dyba's citizenship should be disregarded for purposes of diversity jurisdiction and removal. Complete diversity of citizenship therefore exists and Defendants are entitled to remove this action to this Court under 28 U.S.C. § 1441.

31. Nothing in this Notice of Removal should be construed as an admission or acknowledgement of liability, a waiver of any defenses, or that Plaintiff is entitled to any damages.

WHEREFORE, Defendants respectfully request that the State Action pending against it in the County Court at Law No. 1 in Dallas County, Texas, be removed therefrom to this Court.

---

[43] *See Brown-Steffes*, 2023 U.S. Dist. LEXIS 175109, at *8-9 (citing *Winters v. Chubb & Son, Inc.*, 132 S.W.3d 568, 580 (Tex. App. 2004, no pet.) ("It is well established in Texas that an individual cannot be held personally liable under the TCHRA.").

[44] *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001); *see also Cornett v. United Airlines, Inc.*, No. 18-CV-698, 2019 WL 453365, at *2 & n.1 (W.D. Tex. Feb. 5, 2019) ("This is not a new development, and many many cases have so held.").

Respectfully submitted,

/s/ *Collin K. Brodrick*
Collin K. Brodrick
Texas Bar No. 24087212
collin.brodrick@ogletree.com
Elbert Ortiz
Texas Bar No. 24087007
elbert.ortiz@ogletree.com
**OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: 214-692-0168

**Attorneys for Defendants**

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via the Court's electronic filing system on March 6, 2024, upon the following:

Thomas E. Shaw
lotes@lotesattys.com
J. Taylor Shaw
taylor@lotesattys.com
THE LAW OFFICES OF THOMAS E. SHAW, P.C.
9304 Forest Lane, Suite N252,
North Building
Dallas, Texas 75243-6238

/s/ *Collin K. Brodrick*
Collin K. Brodrick