UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARISSA MORGAN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-0557-X |
| | § | |
| ALEX DYBA and ANHEUSER- | § | |
| BUSCH COMPANIES LLC, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Marissa Morgan's motion to remand (Doc. 10) and Defendant Alex Dyba's motion for judgment on the pleadings (Doc. 11). Having considered the parties' arguments, the underlying facts, and the applicable caselaw, the Court **GRANTS** Morgan's motion to remand (Doc. 10) and **FINDS AS MOOT** Dyba's motion for judgment on the pleadings (Doc. 11). Each party will bear its own attorney's fees and costs. Accordingly, the Court **REMANDS** this case to the County Court at Law No. 1 of Dallas County, Texas.

### I. Background

This is an alleged sexual harassment and retaliation case. Defendant Anheuser-Busch Companies LLC ("AB") employed Morgan for over six years. During this time, Morgan experienced ongoing sexist and other inappropriate comments and late-night texts from another employee, Patrick McCarty. The situation created an uncomfortable environment for Morgan. Morgan made informal reports to her supervisors many times, but AB took no action.

1

Soon after, AB placed Morgan on a performance improvement plan based on certain remarks that McCarty made about her. Morgan alleges that Dyba played a role in deciding to put her on this performance plan. She also alleges that Dyba knew or should have known of Morgan's reports to AB about McCarty's inappropriate behavior. Following the end of her performance plan, Dyba informed Morgan of her termination from AB.

Morgan filed suit in state court against AB and Dyba under Chapter 21 of the Texas Labor Code alleging claims for sexual harassment, hostile work environment, and retaliation. AB removed this case to federal court on the grounds that Dyba was improperly joined as a non-diverse defendant. Morgan and Dyba are both Texas citizens for purposes of diversity jurisdiction. Morgan filed a motion to remand, and Dyba filed a motion for judgment on the pleadings.

## II. Legal Standard

If "the district courts of the United States have original jurisdiction," then a civil action filed in state court may be removed to the federal court embracing the place where the action is pending.[1]  Federal courts have original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000.[2] To determine whether an action is removable, federal courts must consider

---

[1] 28 U.S.C. § 1441.

[2] 28 U.S.C. § 1332(a)(1).

2

the claims in the state court petition as they existed at the time of removal.[3] Any ambiguity is "strictly construed in favor of remand."[4]

### III. Analysis

If Dyba is a properly joined defendant, then the Court lacks jurisdiction over this case because there is not complete diversity. Morgan brought suit under Texas Labor Code § 21.142 for sexual harassment against Dyba as an employer. Section 21.142 provides: "An employer commits an unlawful employment practice if sexual harassment of an employee occurs and the employer or the employer's agent or supervisors: (1) know or should have known that the conduct constituting sexual harassment was occurring; and (2) fail to take immediate and appropriate corrective action."[5]

The critical question here is whether Dyba can be considered an "employer." Texas Labor Code § 21.141 defines "employer" as "a person who: (A) employs one or more employees; or (B) acts directly in the interests of an employer in relation to an employee."[6] Morgan contends that the plain language—a person who . . . acts directly in the interests of an employer in relation to an employee—clearly includes Dyba here. Dyba argues that the Court should avoid a plain reading of the text and instead extend liability only to those who act on behalf of an employer by engaging in conduct that has a direct nexus to the alleged sexual harassment.

---

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4] *Id.*

[5] TEX. LAB. CODE ANN. § 21.142.

[6] TEX. LAB. CODE ANN. § 21.141(1).

3

The Court is not aware that any Texas state court has decided whether these claims against an employer provide for individual liability.  Of the federal courts to consider the issue, all three have concluded that these provisions in the Texas Labor Code can be read to accord employer status to individual managers.[7]  In fact, a different judge of this Court has held that

> § 21.142 permits a plaintiff to bring a claim against an individual as well as an institutional employer, and that § 21.142 is 'sufficiently broad to encompass an individual who, though lacking a possessory interest in the "employer" corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees.'[8]

With that understanding, it is clear that Dyba is an employer for purposes of § 21.142.  Taking Morgan's allegations as true, as the Court is required to do at this juncture, Dyba had the power to act on behalf of AB, and in fact, did act, first by choosing to put Morgan on the performance improvement plan and then by ultimately terminating her.  Moreover, Morgan alleges that these decisions resulted from Dyba and others' knowledge of her harassment reports against McCarty, but they failed to take action against McCarty, and instead, demoted and fired Morgan.  All of these allegations, taken together, are sufficient to allege a plausible § 21.142 sexual harassment claim against Dyba as an employer under Texas Labor Code §§ 21.141 and 21.142.

---

[7] *Brown-Steffes v. Avis Budget Group, Inc.*, No. 3:23-CV-1747-D, 2023 WL 6386510, at *1 (N.D. Tex. Sept. 29, 2023) (Fitzwater, J.); *Siegel v. BWAY Corp.*, No. CV H-24-0411, 2024 WL 1639916, at *7 (S.D. Tex. Apr. 12, 2024); *Quinonez v. Perez*, No. EP-23-CV-291-KC, 2024 WL 176601 (W.D. Tex. Jan. 16, 2024).

[8] *Brown-Steffes*, 2023 WL 6386510, at *1 (quoting *Reich v. Circle C Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993)).

## IV. Conclusion

For the reasons stated above, the Court **GRANTS** Morgan's motion to remand (Doc. 10) and **FINDS AS MOOT** Dyba's motion for judgment on the pleadings (Doc. 11). Each party will bear its own attorney's fees and costs. Accordingly, the Court **REMANDS** this case to the County Court at Law No. 1 of Dallas County, Texas.

**IT IS SO ORDERED** this 8th day of July, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

5